IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-126-001 |
| | ) | (PHILLIPS/GUYTON) |
| NICOLE LYNN TIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on September 18, 2008, for a scheduled motion hearing. Assistant United States Attorney Charles Kandt was present for the Government. Attorney Kim Tollison was present for the Defendant. The Court excused the Defendant's attendance prior to the hearing, and the Defendant did not attend the hearing.

Defendant's Motion to Continue [Doc. 12] requests that the trial date of October 22, 2008 be continued to allow additional time to review documents and computer hard drives that are part of ongoing discovery and to prepare for trial. In the Motion, the Defendant waived her speedy trial rights. The Government's Response to Defendant's Motion to Continue [Doc. 13] acknowledged the amount of information and preparation involved in the case and stated that the Government had no objection to the Motion to Continue [Doc. 12].

The Court finds the Motion to Continue **[Doc. 12]** is well-taken, and it is **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that a continuance is required to allow all parties the reasonable time necessary to prepare for trial even taking into account counsels' due diligence. See 18 U.S.C. § 3161(h)(8)(B)(ii).

In light of these findings and its granting of the motion, the Court set a new trial date of February 23, 2009. The Court further finds that the period of time between September 18, 2008, and the new trial date of February 23, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly, it is **ORDERED**:

1. The Defendant's Motion to Continue **[Doc. 12]** is **GRANTED**;

2. The motion cut-off is **October 24, 2008**, and responses to motions must be made by **November 7, 2008**;

3. A pretrial conference is set for **February 12, 2009 at 9:30 a.m.**;

4. The trial is set to commence on **February 23, 2009**, before the Honorable Thomas Phillips, United States District Judge; and

5. All time between **September 18, 2008** and the new trial date of **February 23, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth above.

**IT IS SO ORDERED**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge